**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOROTHY MORRIS,

                  Petitioner,              Case Number: 09-11218

v.                               HONORABLE STEPHEN J. MURPHY, III

HEIDI WASHINGTON,

                  Respondent.

_____/

**OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF
HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE
SIXTH CIRCUIT AND DISMISSING MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner Dorothy J. Morris, a state prisoner currently incarcerated at the Scott
Correctional Facility in Plymouth, Michigan, has filed a *pro se* petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges her first-degree murder
conviction, rendered in Bay County Circuit Court.  Petitioner previously has filed three
habeas corpus petitions challenging this conviction.  The Court finds that the pending
petition constitutes a successive petition over which the Court lacks jurisdiction. Therefore,
the Court transfers the matter to the Court of Appeals so that Petitioner may seek
permission to file a successive petition.

**I.**

Petitioner was charged in Bay County Circuit Court with first-degree murder.
Following a three week trial in 1983, she was convicted as charged.  She was sentenced
to life imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, which affirmed

the conviction. *People v. Morris*, No. 70683 (Mich. Ct. App. Dec. 26, 1984). She filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Morris*, No. 75688 (Mich. June 25, 1985).

Petitioner filed a petition for a writ of habeas corpus in this Court. The petition was dismissed for failure to exhaust state court remedies. *Morris v. Miller*, No. 85-cv-75615-DT (E.D. Mich. Sept. 17, 1986) (DeMascio, J.).

In 1986, Petitioner filed another petition for a writ of habeas corpus in this Court. That petition was dismissed because the claims raised were not presented as federal questions. *Morris v. Miller*, No. 86-cv-74312-DT (E.D. Mich. June 19, 1987) (DeMascio, J.).

Petitioner returned to state court, filing an application for leave to file a late appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Morris*, No. 109935 (Mich. Ct. App. Oct. 7, 1988). The petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Morris*, No. 84867 (Mich. March 29, 1989).

Petitioner returned to federal court and filed a habeas petition raising six claims for habeas corpus relief. The petition was denied on the merits. *Morris v. Howes*, No. 89-cv-10141-BC (E.D. Mich. Aug. 21, 1990) (Cleland, J.).

In 1998, Petitioner filed another habeas petition challenging her first-degree murder conviction. The district court transferred that petition to the Sixth Circuit Court of Appeals because it was a subsequent habeas petition which she had not been granted permission to file as required by 28 U.S.C. § 2244(b)(3)(A). *Morris v. Langley*, No. 98-cv-10067-BC (E.D. Mich. June 8, 1998) (Cleland, J.). The Sixth Circuit Court of Appeals denied the

2

request to file a second or successive habeas petition.  *In re: Dorothy Morris*, No. 98-0156 (6th Cir. Dec. 11, 1998).

Petitioner filed yet another petition for a writ of habeas corpus challenging her murder conviction in 2006.  The district court again transferred that petition to the Court of Appeals as a successive habeas petition.  *Morris v. Stovall*, No. 06-cv-11559-BC (E.D. Mich. April 27, 2006) (Lawson, J.).  The Court of Appeals denied the request to file a successive petition.  *In re: Dorothy Morris*, No. 06-1575 (6th Cir. Oct. 25, 2006).

Petitioner has now filed the pending petition for a writ of habeas corpus, once again challenging her 1983 first-degree murder conviction.

## II.

Petitioner already has filed several petitions for a writ of habeas corpus challenging the conviction challenged in the present petition.  28 U.S.C. § 2244(b)(3)(A) provides, in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

At least one of Petitioner's prior habeas corpus petition was dismissed because it lacked merit.  *See Morris v. Howes*, No. 89-cv-10141-BC (E.D. Mich. Aug. 21, 1990) (Cleland, J.).[1]  Petitioner has not obtained from the Court of Appeals for the Sixth Circuit

---

[1] Because the record is clear that this prior habeas petition was denied because it lacked merit, the Court need not address whether the dismissal of a prior habeas petition, *Morris v. Miller*, No. 86-cv-74312-DT, because it failed to present any federal constitutional claims was a "dismissal on the merits."

3

authorization to file a second or successive petition in this Court.  The Sixth Circuit has held

that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed

in the district court without § 2244(b)(3) authorization from this court, the district court shall

transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45,

47 (6th Cir. 1997).  The Court must transfer the petition regardless of the apparent merits

of the claims presented because the Court lacks jurisdiction to consider a successive

habeas petition when prior authorization for filing the successive petition has not been

obtained from the Court of Appeals.  *Id.*

The Court lacks jurisdiction to consider the present petition until Petitioner receives

approval from the Court of Appeals to proceed pursuant to 28 U.S.C. § 2244(b)(3).

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the

United States Court of Appeals for the Sixth Circuit.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [dkt. # 3] is

**DISMISSED** for lack of jurisdiction.


s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated:  June 4, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on June 4, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager